# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

GORDON C. REID,                             )
                                            )
           Plaintiff,                )
                                            )
           v.                         )   Civ. Action No. 15-0375-RMC
                                            )
CHARLES E. SAMUELS, JR.,                    )
                                            )
           Defendant.                )

## MEMORANDUM OPINION

Plaintiff Gordon C. Reid has sued the Director of the United States Bureau of Prisons ("BOP") for declaratory, injunctive and mandamus relief. Mr. Reid states that "at various intervals" since 2008, he been housed in Special Housing Units ("SHU") at various BOP facilities. Compl. [Dkt. 1] at 2. He alleges that while in the SHUs, prison officials allegedly violated BOP regulations by depriving him of subscription magazines, outside exercise "for minor transgressions," and meaningful access to administrative remedies. *Id*. at 3. Defendant has moved to dismiss or, in the alternative, for summary judgment [Dkt. 14], and Mr. Reid has cross moved for summary judgment [Dkt. 23].[1]

In its Reply filed on July 21, 2016, Defendant stresses that this action is moot because "for the past straight year," Mr. Reid has not been "confined to the Special Housing Units that gave rise to [his] claims." Reply [Dkt. 25] at 2. Mr. Reid has asserted nothing to the

---

[1] Counsel for Defendant has mistakenly argued for dismissal in part under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *See* Mem. of P & A [Dkt. 14-1] at 10-15. The complaint is captioned "Petition for Declaratory and Injunctive Relief (or to Compel an Officer of the United States to Perform His Duty);" lists the bases of jurisdiction as the All Writs Act, the Declaratory Judgment Act, and the Mandamus statute; and seeks equitable relief only. Compl. at 1, 5-6. To be clear, Mr. Reid has not invoked *Bivens* in the instant complaint, and the disposition of this case has no bearing on his ability to pursue a *Bivens* claim.

1

contrary, and he has not alleged similar wrongdoing by prison officials at his current facility in Coleman, Florida. "Normally, a prisoner's transfer or release from a prison moots any claim he might have for equitable relief arising out of the conditions of his confinement in that prison." *Scott v. District of Columbia*, 139 F.3d 940, 941 (D.C. Cir. 1998); *see Cameron v. Thornburgh*, 983 F.3d 253, 257 (D.C. Cir. 1993) (noting that prisoner's "impending transfer" rendered claim for injunctive relief moot). And in the absence of "a cognizable cause of action," a plaintiff has "no basis upon which to seek declaratory relief." *Ali v. Rumsfeld*, 649 F.3d 762, 778 (D.C. Cir. 2011). Consequently, this action will be dismissed.[2]

Date: November 8, 2016

_____/s/_____
ROSEMARY M. COLLYER
United States District Judge

---

[2] Should Mr. Reid suffer deprivations in the future, the more appropriate judicial forum for adjudicating any new claim is the federal district court in the State where he is incarcerated. *See* 28 U.S.C. § 1391(b),(e) (venue provisions governing civil actions); *Burke v. Lappin*, 821 F. Supp. 2d 244, 249, n.3 (D.D.C. 2011) (explaining that "[a]ny new claims arising from plaintiff's conditions of confinement at USP Lewisburg are properly brought in the United States District Court for the Middle District of Pennsylvania after he has exhausted his administrative remedies") (citations omitted).